Slip Op. 14-122

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., : <br> F/K/A ROCKWELL AUTOMATION/ <br> ALLEN-BRADLEY CO., LLC, : <br>   *Plaintiff*, : <br> v. : <br> UNITED STATES, : <br>   *Defendant*. : | Court Nos. 05-00269, 05-00582, <br> 06-00054, 06-00348, 07-00110, <br> 07-00294, 10-00230, 10-00245, <br> 11-00018, 11-00250, 12-00001 |

[Denying Application for Clarification]

Dated: October 20, 2014

John M. Peterson, Neville Peterson LLP, of New York, New York, for Plaintiff.

**OPINION**

RIDGWAY, Judge:

Before the court is Plaintiff's Application for Clarification of Court Order Granting Motion to Extend Time (as corrected),[1] in which Rockwell Automation, Inc. requests clarification of certain statements in Rockwell Automation, Inc. v. United States, 38 CIT ____, ____ F. Supp. 2d ____, 2014 WL 4071500 (2014). Application for Clarification of Court Order Granting Motion to Extend Time ("Pl.'s Motion") at 1, 5-6.[2] Rockwell granted Plaintiff's Amended Consent Motion for Leave

---

[1] As explained in Plaintiff's Consent Motion to Correct, the caption on Rockwell's initial Application for Clarification of Court Order Granting Motion to Extend Time misidentified one of the 11 actions at issue. The Consent Motion to Correct is granted and the corrected copy of Rockwell's Application for Clarification of Court Order Granting Motion to Extend Time is accepted for filing.

[2] Rockwell has styled its submission as a request for "clarification" of a "court order" and has invoked USCIT Rule 60(b) as the basis for its request. Pl.'s Motion at 1. However, the relief that Rockwell seeks is more accurately described as "modification" or "reconsideration," rather than

to File Out of Time[] and to Extend Time to Remain on Reserve Calendar as to all 11 actions "clarification." *See*, *e.g.*, National Fisheries Institute, Inc. v. U.S. Bureau of Customs and Border Protection, 33 CIT 1389, 1390 (2009) (noting that, where relief sought involves substantive change to language of opinion or order, motion seeks "modification," not "clarification"); United States v. Ford Motor Co., 31 CIT 1178, 1180 (2007) (distinguishing between motion for "reconsideration," which goes to "correctness" of court's action, and motion for "clarification," which does not). In addition, the focus of the pending motion is on "the Court's statements in [Rockwell]," not on any court order. Pl.'s Motion at 1. In any event, characterizations of the pending motion have no particular significance here. It is the substance of Rockwell's request, not the labels, that controls.

Rockwell's reliance on Rule 60(b) is more problematic. Rule 60(b) applies only to "a *final* judgment, order, or proceeding." USCIT R. 60(b) (emphasis added); Rhone Poulenc, Inc. v. United States, 880 F.2d 401, 406 (Fed. Cir. 1989) (noting that relief under Rule 60(b) is available only after the court has "entered a final judgment or issued a final order"); Union Steel v. United States, 35 CIT ____, ____, 804 F. Supp. 2d 1356, 1367 (2011); Atar S.r.l. v. United States, 35 CIT ____, ____ n.7, 791 F. Supp. 2d 1368, 1378 n.7 (2011); RHI Refractories Liaoning Co. v. United States, 35 CIT ____, ____ & n.1, 752 F. Supp. 2d 1377, 1379 & n.1 (2011); *see also* Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981) (describing "final order" as one that "ends the litigation on the merits and leaves nothing for the court to do but execute judgment") (quotation marks & citation omitted).

However, Rockwell's motion may be considered under Rule 59 instead. *See* USCIT R. 59 ("New Trial; Rehearing; Altering or Amending a Judgment"); NSK Corp. v. United States, 32 CIT 1497, 1502, 593 F. Supp. 2d 1355, 1362-63 (2008) (explaining that "the Court has the discretion to rehear a motion that results in an interlocutory order pursuant to USCIT Rule 59(a)(2)" and that "Rule 59(a)(2) authorizes the Court to rehear any motion before the court, regardless of whether it concerns a final judgment or an appealable order"); Union Camp Corp. v. United States, 23 CIT 264, 270, 53 F. Supp. 2d 1310, 1317 (1999) (stating that Rule 59 "is broad enough to cover a rehearing of any matter decided by the Court"); Timken Co. v. United States, 6 CIT 76, 77, 569 F. Supp. 65, 68 (1983) (stating that "the court retains the plenary power to modify or alter its prior non-final rulings"). Although the pending motion was filed 31 days after Rockwell issued, and although Rule 59(b) specifies that "[a] motion for a new trial or rehearing must be served and filed not later than 30 days after the entry of the . . . order," that 30-day time limit applies only to final judgments and orders, and therefore is no bar here. USCIT R. 59(b); USCIT R. 6(a)(1)(B) (requiring that, in computing time, "every day" is to be counted, "including intermediate Saturdays, Sundays, and legal holidays"); Timken, 6 CIT at 78, 569 F. Supp. at 68 (stating that "the time constraints of rule 59(b) apply only to *final* judgments or orders") (emphasis added); Union Camp, 23 CIT at 270-71, 53 F. Supp. 2d at 1317-18 (same); 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2812, p. 190 & n.22 (3d ed. 2014) (explaining that policy basis for strict time limits in Rule 59 is "to promote finality of judgments," a policy "not applicable to an interlocutory order, which . . . is not final and is subject to modification by the court at any time before judgment is entered" ); *see also* Union Steel, 35 CIT at ____ & n.2, 804 F. Supp. 2d at 1367 & n.2 (stating that relief is available under Rule 54(b) even where the time for a motion under Rule 59 has expired).

identified above, analyzing Rockwell's out-of-time motions for extensions of time under the relevant provisions of USCIT Rule 6 ("Computing and Extending Time; Time for Motion Papers") and Rule 83 ("Reserve Calendar"). *See* Rockwell, 38 CIT at \_\_\_\_, \_\_\_\_, \_\_\_\_ F. Supp. 2d at \_\_\_\_, \_\_\_\_, 2014 WL 4071500 * 1-2, 19.

The focus of the pending motion is language in Rockwell to the effect that, under USCIT Rule 83(d), "a request to extend Reserve Calendar time must, in all cases, be submitted no later than thirty days before expiration of the extended time period." Pl.'s Motion at 1; *see*, *e.g.*, Rockwell, 38 CIT at \_\_\_\_, \_\_\_\_ F. Supp. 2d at \_\_\_\_, 2014 WL 4071500 * 2 (explaining that "the second sentence of Rule 83(d) requires that '[a] motion for an extension of time [to remain on the Reserve Calendar] must be made *at least 30 days prior to the expiration of the 18-month period* [or later, if the 18-month period has been extended pursuant to USCIT Rule 83(d)]'") (all alterations in Rockwell).

Rockwell acknowledges that Rule 83(d) requires a litigant wishing to extend the initial 18-month Reserve Calendar period to file its motion for an extension of time at least 30 days prior to the expiration of the Reserve Calendar period. Pl.'s Motion at 3, 4, 5; USCIT R. 83(a) (stating that an action placed on the Reserve Calendar "may remain on the Reserve Calendar for an 18-month period"). However, Rockwell argues that Rule 83(d) "is silent on whether this 30-day advance filing requirement applies to subsequent motions to extend Reserve Calendar time." Pl.'s Motion at 3; *see also id*. at 1, 4, 6. According to Rockwell, such subsequent motions "[are] governed by Rule 6(b)(1)(A), which governs extensions of time in the Court generally." *Id*. at 2; *see also id*. at 4-5, 6. In other words, Rockwell contends that the 30-day advance filing requirement set forth in Rule

83(d) "appl[ies] only to motions to extend the initial 18-month Reserve Calendar period, but not to subsequent extensions." *Id.* at 1-2.

Rockwell notes that the issue presented in the pending motion "is primarily of practical interest" and that the motion "does not seek a change of [the] result" in Rockwell because the decision there granted all of the requested extensions of time. Pl.'s Motion at 5-6. Rockwell does not note that each of the 11 motions for an extension of time at issue in Rockwell was filed after the applicable Reserve Calendar period had already expired. *See* Rockwell, 38 CIT at \_\_\_\_, \_\_\_\_ F. Supp. 2d at \_\_\_\_, 2014 WL 4071500 * 4 (explaining that, as to all 11 actions at issue, Reserve Calendar period expired June 23, 2014, but Rockwell motions to extend time to maintain actions on Reserve Calendar were not filed until July 2, 2014). Thus, even by Rockwell's reading of Rule 83(d), the company's motions were out-of-time.

A review of the admittedly sparse history of Rule 83 and related developments indicates that the 30-day advance filing requirement sprang from concerns that actions were lingering too long on the Reserve Calendar and that the requirements of the Court's general rule on extensions of time were not sufficient to address the issue. In that context, it appears that the intent behind the 30-day advance filing requirement set forth in Rule 83(d) was to ensure that a movant could not file a motion to extend the time for an action to remain on the Reserve Calendar on the last day of the Reserve Calendar period and thereby, in effect, grant itself an extension of time so that the subject actions would continue to remain on the Reserve Calendar at least until a ruling was made on its motion. The drafters apparently contemplated that requiring that a motion for an extension be filed 30 days in advance would be sufficient (at least in most cases) to allow the motion to be scrutinized

Court Nos. 05-00269 *et al.*                                                                                       Page 5

and either granted or denied before the existing Reserve Calendar period expired.[3]

In light of the purpose of the 30-day advance filing requirement, there is no apparent reason why that requirement would apply to initial motions for an extension of time but not to subsequent motions. Indeed, if anything, the 30-day advance filing requirement would seem to be more important with respect to subsequent motions. To the extent that Rockwell contends that the text of Rule 83(d) could more "explicitly" and "directly" reflect the spirit and intent of that rule as summarized above, however, Rockwell will find no disagreement here. *See* Pl.'s Motion at 4.[4]

---

[3]*See generally* USCIT R. 83(c) ("Dismissal for Lack of Prosecution"):

> A case not removed from the Reserve Calendar within the 18-month period will be dismissed for lack of prosecution and the clerk will enter an order of dismissal without further direction from the court *unless a motion is pending*. If a *pending motion is denied* [such as one of the motions identified in Rule 83(b) (concerning removal from the Reserve Calendar), but presumably also a motion for an extension of time] and less than 14 days remain in which the case may remain on the Reserve Calendar, the case will remain on the Reserve Calendar for 14 days from the date of entry of the order denying the motion.

(Emphases added.)

[4]Rockwell's reading of the second sentence of Rule 83(d) raises questions about other provisions of the rule that the company has not addressed. As discussed above, Rockwell contends that Rule 83(d)'s reference to "the 18-month period" refers solely to the initial 18-month Reserve Calendar period – not to that period as it may be extended by the Court. However, as indicated in note 3 above, Rule 83(c) – like Rule 83(d) – also refers to "the 18-month period":

> A case not removed from the Reserve Calendar within *the 18-month period* will be dismissed for lack of prosecution and the clerk will enter an order of dismissal without further direction from the court unless a motion is pending. . . .

USCIT R. 83(c) (emphasis added). By Rockwell's logic, Rule 83(c) permits the Court to automatically dismiss an action for lack of prosecution only if the plaintiff defaulted by failing to remove the action from the Reserve Calendar within the initial 18-month Reserve Calendar period; by Rockwell's logic, such automatic dismissals for lack of prosecution are not authorized where a plaintiff defaults thereafter by failing to remove the action from the Reserve Calendar within an

Court Nos. 05-00269 *et al.*                                                                                                    Page 6

It is also true that practice at the court has not been consistent over the years and may have sown confusion in the ranks of the bar. As Rockwell points out in the pending motion, other members of the bar have expressed surprise at the language in Rockwell indicating that the 30-day advance filing requirement set forth in Rule 83(d) applies to all motions for extensions of time to remain on the Reserve Calendar and is not limited to the extension of the initial 18-month Reserve Calendar period. Pl.'s Motion at 2 & n.1 (stating that, since Rockwell issued, "several members of the Bar of the Court" have contacted counsel for Rockwell, advising that "they, too, believed the 30 day requirement to apply only to motions to extend the initial 18-month Reserve Calendar period"); *see also id*. at 4.

---

extension of the Reserve Calendar period.

But, again, there is no apparent reason why the sanction of automatic dismissal for lack of prosecution would be limited solely to the initial 18-month Reserve Calendar period and would not apply to that period as it may be extended, particularly in light of the apparent purpose of Rule 83(c) – to promote active management of the Reserve Calendar and to ensure that actions do not languish there. Thus, if anything, the provision for automatic dismissal for lack of prosecution would seem to be not less but more important where a plaintiff defaults after the initial 18-month Reserve Calendar period has been extended one or more times. In fact, the Court previously exercised its authority under Rule 83(c) in two of the actions at issue here, automatically dismissing those actions for lack of prosecution – and one of those automatic dismissals was in an action (*i.e.*, Court No. 05-00269) that was *beyond the initial 18-month Reserve Calendar period*. *See* Rockwell, 38 CIT at ____, ____ F. Supp. 2d at ____, 2014 WL 4071500 * 6; Order of Dismissal (April 20, 2007), entered in Court No. 05-00269. Rockwell made no argument that the automatic dismissal of Court No. 05-00269 was not authorized by Rule 83(c). *But see* Pl.'s Motion at 2-3 (generally paraphrasing provisions of Rule 83(c), and stating that "a case not removed from the Reserve Calendar *at the end of the 18-month period* is subject to dismissal for lack of prosecution") (emphasis added).

It is thus appropriate that the potential need for clarification of Rule 83(d) is now before the Court's Advisory Committee, where the matter can be fully aired and any appropriate revisions to the Rules of the Court can be recommended in due course. Rockwell's request for relief in this forum is accordingly denied.



Delissa A. Ridgway
Judge

Dated: October 20, 2014
New York, New York